UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC ROBERT CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY M. RESTAINO, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, a division of the US Department of Justice,<br><br>    Defendant. | Case No. 1:22-cv-00193-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Director of the ATF's motion to dismiss for lack of subject-matter jurisdiction. Because the Court lacks jurisdiction to order the Director of the ATF to approve Plaintiff's application to make and register a silencer, the Court will grant the motion.

# BACKGROUND

Plaintiff Eric Clark alleges that the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) improperly refused to process and approve his Form 1 *Application to Make and Register a Firearm*. He signed the challenged application in December 2021, indicating that he is a collector and that he wished to make and

register a .22-caliber silencer. The ATF disapproved the application, though it did not provide any reasons for doing so. Rather, the form application – which is stamped "DISAPPROVED" – instructs Clark to "see the attached page for the reasons for the disapproval." Dkt. 1-1, at 9. The attached page, in turn, refers Clark to a "related email." *Id.* at 15. The related email instructs Clark to "log on to the eForms site for more details." *Id.* at 17. Yet when Clark logged on to the eForms website, he learned that "ATF had scrubbed the site, and [he] could not access his prior approved Form 1, the Denied Form 1 at issue here, or ATF's explanation for its denial." *Compl.* ¶ 13, Dkt. 1. Clark followed up with two emails but ATF did not respond.

Clark asks the Court to issue an "Order of Mandamus directing the Defendant Director of the ATF to approve Clark's Form 1, and to make Clark's information available on the ATF's eform website." *Id.* at 4.

## LEGAL STANDARD

The ATF moves to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Such motions are described as being either "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to

dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). However, if the moving party "convert[s] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citation omitted). In either instance, the party asserting its claims in federal court bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

      Here, the ATF filed a declaration with its motion, but that declaration is aimed at establishing two relatively minor points: (1) that ATF returned Clark's $200 application fee; and (2) that ATF did not scrub Clark's eForms account. *See Sinclair Dec.* ¶ 7-8, Dkt. 3-2. In response, Clark did not challenge the ATF's assertion that it had returned the $200 application fee, but he does challenge the assertion that he should be able to access his eForms account. He says he cannot do so. *See Clark Dec.* ¶¶ 3-4, Dkt. 5-1.

      Given this record, the Court will accept all facts alleged in the complaint as

true other than the factual allegation related to the return of the $200 application fee.

## ANALYSIS

**1.     Mandamus Jurisdiction**

Clark argues that he is entitled to a writ of mandamus pursuant to 28 U.S.C. § 1361, which provides:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Mandamus is an extraordinary remedy that may be granted only when: "(1) the plaintiff's claim is clear and certain; (2) the duty is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." And even if these three elements are satisfied, the extraordinary remedy of mandamus lies within district court's discretion. *Oregon Natural Resources Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir.1995) (citations omitted). Further, "if there is no clear and compelling duty under the statute as interpreted, the district court must dismiss the action. To this extent, mandamus jurisdiction under § 1361 merges with the merits." *In re Chaney*, 406 F.3d 723, 729 (D.C. Cir. 2005).

The question here, then, is whether the ATF has a clear statutory duty to approve Clark's completed application to make and register a silencer.

**MEMORANDUM DECISION AND ORDER - 4**

**2.     The Statutory Framework Relevant to Making & Registering Firearms**

The National Firearms Act (NFA) requires would-be firearms makers to (1) file a written application to make and register the firearm, (2) pay any applicable tax, (3) identify the firearm to be made, (4) identify themselves on the form, and (5) obtain the ATF's approval – with the application reflecting that approval. 26 U.S.C. § 5822. The ATF cannot approve an application to make a firearm "if the making or possession of the firearm would place the person making the firearm in violation of law." *Id.; see also* 26 U.S.C. § 27 C.F.R. § 479.65; 26 U.S.C. § 5861(f). Firearms are defined to include silencers for purposes of these requirements. 26 U.S.C. § 5845(a)(7); 27 C.F.R. § 479.11.

When a person files an application to make or register a silence, the Director of the ATF decides whether to approve it. 27 C.F.R. § 479.64; *see also United States v. Rodman*, 776 F.3d 638, 643 (9th Cir. 2015). If the application is approved, the Director affixes a National Firearm Act stamp to it. 27 C.F.R. § 479.62(d). If the Director disapproves the application, the form and the $200 fee are returned to the applicant. 27 C.F.R. § 479.64.

**3.     Analysis**

Plaintiff's request for mandamus relief rests almost entirely on his assumption that the ATF is dutybound to approve every Form 1 *Application to Make and Register a Firearm* that comes its way – so long as the applicant would

**MEMORANDUM DECISION AND ORDER - 5**

not break the law by making or possessing the firearm. The Court disagrees.

First, the plain language of 26 U.S.C. § 5822 says a person cannot make a firearm unless, among other requirements, he or she has "obtained the approval of the Secretary" to do so. The Court will take Congress at its word – meaning that the applicant must indeed obtain Director of the ATF's[1] approval before making a silencer. And when Congress says an applicant must obtain the Director's approval – it logically means that the Director gets to decide whether to approve or disapprove the application. After all, if Congress wanted to require the ATF to approve completed applications, it would have said *that.* It did not.

The Ninth Circuit's decision in *United States v. Rodman,* 776 F. 3d 638 (9th Cir. 2015) supports this conclusion. There, in keeping with the statutory scheme just described, the circuit stated that under 26 U.S.C. § 5822, those who wish to make firearms are "required to obtain the approval of the Secretary before making . . . the firearm." *Id.* at 642. Similarly, a Washington federal district court concluded that the ATF has the discretion to approve – or not approve – applications to make silencers. *See Kaszycki v. United States,* No. C19-1943-RSM, 2020 WL 2838598, at *4 (W.D. Wash. June 1, 2020). This Court agrees.

---

[1] The statute confers this authority on the Secretary of Treasury. *See* 26 U.S.C. § 7701 (a)(11)(B). The Secretary of the Treasury has delegated the responsibility to the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. *See generally* 27 C.F.R. 479.62, 479.64, 479.65.

Second, just because the Director cannot approve applications in one discrete factual circumstance – where the applicant would violate the law by making or possessing the firearm – this does not mean that the Director must approve all other applications. As noted, the statutory language says just the opposite: the ATF decides whether or not to approve an application.

Third, and finally, the Court is not persuaded by Clark's argument that the challenged application should have been approved just because he was previously successful in applying to make and register a silencer. That earlier application is not relevant to the issues before the Court in this mandamus action. Further, although Clark argues that the second application was identical to the first, that's not quite right. The second application is for a different silencer.

Clark says the Director's action in disapproving the second application was "without explanation" and "remains a mystery." *Response,* Dkt. 5. Such allegations are not relevant in this mandamus action, but the Court will grant Clark leave to file an amended claim based on these allegations.

Finally, Clark says that this Court should order ATF to make his information available on ATF's "eforms website." He has not identified any clear duty requiring the ATF to take this action, however. Accordingly, the Court will deny this aspect of the claim as well.

MEMORANDUM DECISION AND ORDER - 7

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within 21 days of this Order.

DATED: September 29, 2022

_____
B. Lynn Winmill
U.S. District Court Judge